Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 437-8665
Facsimile: (310) 943-2085

Attorneys for Plaintiff,
Targus Group International, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TARGUS GROUP INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES LUGGAGE COMPANY d/b/a SOLO, a New York limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. SACV15-01232-JVS-JCG<br>Hon. James V. Selna<br><br>**JOINT RULE 26(f) REPORT**<br><br><u>Continued Scheduling Conference</u><br>Date:   December 7, 2015<br>Time:  11:30 a.m.<br>Crtrm: 10C |

**JOINT RULE 26(f) REPORT**

Plaintiff Targus Group International ("Targus" or "Plaintiff"), and Defendant United States Luggage Company LLC d/b/a Solo ("Solo" or "Defendant") hereby submit their Joint Rule 26(f) Report.  The Report includes all information required by Fed. R. Civ. P. 26 and L.R. 26-1 and notes the parties' disagreements on issues where applicable.

A.     **SYNOPSIS**

**Targus's Position:**

This is a patent enforcement and infringement action by Plaintiff, the exclusive owner of U.S. Patent No. 8,746,449 (the "'449 Patent") and 8,783,458 (the "'458 patent") (jointly and separately, "the Asserted Patents.").  Targus is currently commercializing the asserted patents' technology, and is concurrently enforcing the Asserted Patents.

The Asserted Patents disclose and claim, among other things, cases for displaying portable electronic devices (such as iPads) having a structure that permits rotating the portable electronic device held in the case between 'landscape' and portrait' display positions. Defendant includes a '360 degree rotation feature in several of its product offerings to the consuming public. These activities infringe the Accused Patents.

Defendant has distributed and/or sold one or more Infringing Products to customers in this Judicial District.  The basis for subject-matter jurisdiction is that this is a patent infringement action arising under Title 35 of the U.S. Code, and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Solo's Position:**

Solo is a New York corporation that sells, among other things, mobile tablet cases. On August 3, 2015, Plaintiff Targus Group International, Inc. ("Targus") filed a Complaint against Solo for alleged acts of infringement of U.S. Patent Nos. 8,746,449 (the "'449 patent") and 8,783,458 (the "'458 patent") (collectively, "the asserted patents") in the Central District of California [Dkt. No. 1].  Targus's claims of infringement are based on the assertion  that Solo has infringed the asserted patents "by developing, making, using, offering to sell, selling and/or importing…the Reflex Slim Case and other similar products" that allegedly infringe the asserted patents.  Targus identifies one

1

**JOINT RULE 26(f) REPORT**

mobile tablet case but fails to identify any other "similar products" that Targus contends may infringe its patents.

Solo denies that the accused product infringes any valid claims of the asserted patents. Solo also asserts that if any claim of the asserted patents were properly construed so as to cover the accused product, then the claim would be invalid in view of extensive prior art not considered by the U.S. Patent and Trademark Office. Accordingly, Solo has asserted several affirmative defenses, and a counterclaim for invalidity of the asserted patents. Solo contends that no damages may be assessed against it, and that it is entitled to an award of attorneys' fees, costs and expenses incurred in defending this action.

## B. LEGAL ISSUES

### Targus's Position:

The key legal issues are: (1) whether Defendant infringes the Asserted Patents literally or under the doctrine of equivalents (2) whether any such infringement was willful; (3) whether Plaintiff is entitled to an injunction; (4) the amount of damages to which Plaintiff is entitled; and (5) whether Defendant is entitled to a declaratory judgment for invalidity.

### Solo's Position:

The key legal issues are whether the asserted patents are valid and enforceable under: 35 U.S.C. §102 for anticipation over the prior art, §103 as obvious over the prior art, § 112, first paragraph and second paragraphs for lack of enablement and written description and indefiniteness, and whether Targus committed inequitable conduct in procuring the asserted patents. Other issues include (1) whether Solo infringes the asserted patents literally or under the doctrine of equivalents; (2) whether any such infringement was willful; and (3) whether Targus is entitled to an injunction or monetary damages as a result. Solo alleges that Targus is barred from brining the asserted claims by the equitable affirmative defenses of estoppel, laches and waiver, as well as by 35 U.S.C. §§ 286-288. Solo also asserts that the claims of the asserted patents are unenforceable due to patent misuse and Targus's unclean hands.

2
JOINT RULE 26(f) REPORT

C.  **DAMAGES**

    **Targus's Position**

Targus's damages for patent infringement are a function of discovery to ascertain the extent of Defendant's infringement and/or what lost profits are attributable to this infringement or, alternatively, what a reasonable royalty rate would be for Defendant's alleged infringement.

    **Solo's Position**

Solo denies that the accused product infringes the asserted patents, and/or that any alleged infringement was willful. Solo believes that no damages may be asessessed against it, and that it is entitled to an award of attorney fees, costs and expenses incurred in defending this action.

D.  **INSURANCE**

Targus is currently unaware of any applicable insurance policies.

Solo is not currently aware of any applicable insurance policies.

E.  **MOTIONS**

At this time, Targus does not expect to file any motions to (i) add other parties or claims, (ii) file amended pleadings, or (iii) transfer venue.

At this time, Solo does not expect to file any motions to (i) add other parties or claims, or (iii) transfer venue, but may wish to (ii) file amended pleadings to assert inequitable conduct, pending discovery on this issue.

F.  **DISCOVERY AND EXPERTS**

Neither party envisions any needed changes to the Rule 26(a) disclosure requirements of other Rules of Civil Procedure regarding discovery.

No written discovery has occurred yet. The parties will submit to the Court a standard, two-tiered protective order to facilitate written discovery. This protective order will include a "clawback" provision requiring the return of any privileged materials. The parties are in the process of completing their Initial Disclosures and expect to do so by November 24, 2015.

3

**JOINT RULE 26(f) REPORT**

The parties anticipate taking discovery on the issues of patent infringement, patent validity, willfulness, conception, reduction to practice, derivation, inequitable conduct, any alleged lost profits, and the Georgia Pacific reasonable royalty factors, as well as any other issues relevant to the claims of defenses in this matter.

Both Targus and Solo anticipate conducting 10 depositions, including a 30(b)(6) deposition.

Solo proposes to bifurcate damages discovery such that damages discovery will be stayed pending a ruling on Claim Construction.

Targus proposes opening expert witness disclosures be completed by September 19, 2016, rebuttal expert witness disclosures be completed by October 3, 2016, and expert discovery be completed by October 31, 2016.

Solo proposes opening expert witness disclosures completed by March 13, 2017. Rebuttal expert witness disclosures completed by March 27, 2017 and expert discovery completed by April 21, 2017.

## G. **DISPOSITIVE MOTIONS**

Plaintiff anticipates filing one or more motions seeking summary judgment on the issues of patent infringement and validity.

At this time, Solo anticipates moving for summary judgment on the issues of noninfringement and invalidity.

The parties are unable to anticipate the subject matter of motions in limine at this time.

## H. **SETTLEMENT AND SETTLEMENT MECHANISM**

The parties have engaged in preliminary settlement discussions. Both parties are always willing to discuss the possibility of settlement as a means to dispute resolution. Plaintiff proposes the use of outside ADR before a private mediator. Targus and Solo are amenable to a mediation before a Magistrate Judge of the Central District.  Targus proposes an ADR completion date of November 10, 2016. Solo proposes an ADR completion date of December 7, 2016.

## I. TRIAL ESTIMATE

The parties estimate 5-7 days for trial. Targus requested a jury trial. Solo requests a bench trial. The parties expect to call approximately 8 witnesses.

## J. TIMETABLE

*See also* Section M below, and Exhibit A, attached.

**Targus's Proposed Timetable:**

| | |
|---|---|
| Trial | January 24, 2017 |
| Hearing on Summary Judgment Motions | December 5, 2016 (1:30 PM) |
| Close of Fact Discovery* | October 10, 2016 |
| Deadline for Conducting Private Mediation | November 10, 2016 |
| Deadline for Initial Disclosures | November 24, 2015 |

**Solo's Proposed Timetable:**

| | |
|---|---|
| Trial | June 13, 2017 |
| Hearing on Summary Judgment Motions | April 24, 2017 (1:30 PM) |
| Close of Fact Discovery | February 27, 2017 |
| Deadline for Conducting Mediation | December 7, 2016 |
| Deadline for Initial Disclosures | November 24, 2015 |

The parties propose that expert disclosures should be in accordance with Fed. Rule Civ. P. 26(a)(2)(D), *i.e.*, such disclosures should be made at least 90 days before trial.

## K. OTHER ISSUES

The parties anticipate no unusual litigation issues.

## L. CONFLICTS

Solo has no parent corporation and no publicly held corporation owns 10% or more of Solo's stock.

**M.     PATENT: MARKMAN HEARING AND CLAIM CONSTRUCTION DATES:**

The parties propose the following schedule:

| Date | Event |
|---|---|
| **12/7/15** | Initial Case Management Conference |
| **12/21/15** | Plaintiff's Disclosures under Rule 3-1 |
| **2/4/16** | Defendant's Invalidity Contentions under Rule 3-3 |
| **2/18/16** | Simultaneous Exchange of Claim Terms for Construction under Rule 4-1 |
| **3/10/16** | Simultaneous Exchange of Preliminary Claim Constructions/Extrinsic Evidence under Rule 4-2 |
| **4/4/16** | Joint Claim Construction and Prehearing Statement under Rule 4-3 |
| **5/4/16** | Completion of Claim Construction Discovery under Rule 4-4 |
| **5/12/16** | Concurrent Claim Construction Briefs due |
| **6/2/16** | Concurrent Reply Briefs due |
| **6/16/16** | Claim Construction Hearing under Rule 4-6 |

**N.     MAGISTRATE JUDGES**

The parties do not consent to have a Magistrate Judge preside.

Dated: November 23, 2015          **ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
*Attorneys for Plaintiff,*
*Targus Group International, Inc.*

Dated: November 23, 2015          **SCULLY, SCOTT, MURPHY & PRESSER PC**

By: /s/ Peter I. Bernstein
Peter I. Bernstein (Admitted *Pro Hac Vice*)
*Attorney for Defendant,*
*United States Luggage Company d/b/a Solo*

6
**JOINT RULE 26(f) REPORT**