Barry I. Gold, Esq., SBN 57118
SHAFFER, GOLD & RUBAUM, LLP
12011 San Vicente Boulevard, Suite 600
Los Angeles, California 90049-4948
(310) 476-9955
BGold@sgr4law.com

Attorneys for Defendants and Counterclaimants,
UNITED STATES LUGGAGE COMPANY d/b/a SOLO

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TARGUS GROUP, INTERNATIONAL, Inc., a Delaware corporation,<br><br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES LUGGAGE COMPANY d/b/a SOLO, a New York limited liability company,<br><br>Defendants.<br>_____<br><br>UNITED STATES LUGGAGE COMPANY d/b/a SOLO, a New York limited liability company,<br><br>Counterclaimant,<br><br>vs.<br><br>TARGUS GROUP, INTERNATIONAL, Inc., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Counterdefendants.<br>_____ | Civil Action No.: 8:15-cv-01232-JVS-JCG<br><br>FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO<br><br>DEMAND FOR JURY TRIAL<br><br>Complaint Filed:      August 3, 2015 |

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

1

Defendant United States Luggage Company, d/b/a Solo (hereinafter "Solo") hereby files its First Amended Answer and Counterclaims, responding paragraph by paragraph to the First Amended Complaint for Patent Infringement, Permanent Injunction and Damages filed by Plaintiff Targus Group International. Inc. (hereinafter "Plaintiff" or "Targus").

Solo denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted, qualified or answered below.  To the extent that the introductory paragraph of the First Amended Complaint purports to allege that Plaintiff has a valid claim for patent infringement against Solo, Solo denies such allegations.

## THE PARTIES

1.      Solo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the First Amended Complaint, and therefore denies them.

2.      Admitted.

## JURISDICTION AND VENUE

3.      Solo admits that the First Amended Complaint purports to state a cause of action arising under the patent laws of the United States.  Solo denies, however, that Plaintiff has set forth any meritorious claims, or that Plaintiff is entitled to any relief.

4.      Denied.

5.      Solo admits that the First Amended Complaint purports to state a cause of action arising under the patent laws of the United States, Title 35 of the United States Code, and that 28 U.S.C. Sec. 1331 and 1338(a) grant district courts original jurisdiction over civil actions arising under that Act.  Solo denies, however, that Plaintiff has set forth any meritorious claims, or that Plaintiff is entitled to any relief.

6.      For the purposes of this action only, Solo does not contest that this Court has personal jurisdiction over Solo.  Solo further admits that it transacts business in this District.

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

Solo denies that it has committed acts of patent infringement in this District or anywhere else.

Solo denies all remaining allegations in paragraph 6 of the Complaint.

7.     Without admitting that it is necessarily proper or convenient, and for the purposes of this action only, Solo does not contest that venue permissible under 28 U.S.C. Sec. 1391 and/or 1400(b).  Solo denies, however, that Plaintiff has set forth any meritorious claims, or that Plaintiff is entitled to any relief.

8.     Solo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint and therefore denies them.

9.     Solo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the First Amended Complaint and therefore denies them.

10.    Solo admits that United States Patent No. 8,746,449 (hereinafter the "'449 patent") entitled: "Portable Electronic Device Case Accessories and Related Systems and Methods", bearing an issue date of June 10, 2014 was attached as Exhibit A to the First Amended Complaint.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the First Amended Complaint and therefore denies them.

11.    Solo admits that United States Patent No. 8,783,458 (hereinafter the "'458 patent") entitled: "Portable Electronic Device Case Accessories and Related Systems and Methods", bearing an issue date of July 22, 2014 was attached as Exhibit B to the First Amended Complaint.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the First Amended Complaint and therefore denies them.

12.    Solo admits that United States Patent No. 9,170,611 (hereinafter the "'611 patent") entitled: "Portable Electronic Device Case Accessories and Related Systems and

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

Methods", bearing an issue date of October 27, 2015 was attached as Exhibit C to the First Amended Complaint.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the First Amended Complaint and therefore denies them.

13.    Solo admits that it has designed certain tablet case products.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the First Amended Complaint and therefore denies them.

14.    Solo admits that it has offered and may still offer products described as the "Reflex Slim Case", "Link Universal Tablet Case", "Surge Universal Tablet Case", "Summit Universal Tablet Case" , "Metro Universal Tablet Case", "Urban Universal Fit Tablet Case", "Classic Universal Fit Tablet Case", "Storm Universal Fit Tablet Case" and the "Executive Universal Fit Tablet Case" , but denies that the described products infringe  any valid and enforceable claim of the '449, '458 and/or '611 patents. Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the First Amended Complaint and therefore denies them.

## COUNT ONE

15. Solo repeats and realleges its responses to paragraphs 1-14 as if fully set forth herein.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

23. Denied.

24. Denied.

## COUNT TWO

25. Solo repeats and realleges its responses to paragraphs 1-24 as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT THREE

35. Solo repeats and realleges its responses to paragraphs 1-34 as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

5

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

## PLAINTIFF'S REQUESTED RELIEF

Solo denies that Plaintiff is entitled to any relief whatsoever, whether as sought in its Prayer for Relief or otherwise.  To the extent that the Prayer for Relief section of the First Amended Complaint is deemed to allege any facts or entitlements to the relief requested, Solo denies every allegation.

## ADDITIONAL DEFENSES

Further answering the First Amended Complaint and as additional defenses thereto, Solo states the following affirmative and other defenses, without admitting any allegation of the First Amended Complaint not expressly denied, Solo reserves the right to amend its Answer or to augment these defenses based on further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

Solo has not infringed and does not infringe any valid and enforceable claim of the '449 Patent, either literally or under the doctrine of equivalents, has not induced infringement of any valid and enforceable claim of the '449 Patent and has not committed acts constituting contributory infringement of any valid and enforceable claim of the '449 Patent.

## SECOND AFFIRMATIVE DEFENSE

Solo has not infringed and does not infringe any valid and enforceable claim of the '458 Patent, either literally or under the doctrine of equivalents, has not induced infringement of any valid and enforceable claim of the '458 Patent and has not committed acts constituting contributory infringement of any valid and enforceable claim of the '458 Patent.

## THIRD AFFIRMATIVE DEFENSE

Solo has not infringed and does not infringe any valid and enforceable claim of the '611 Patent, either literally or under the doctrine of equivalents, has not induced infringement of any

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

valid and enforceable claim of the '611 Patent and has not committed acts constituting contributory infringement of any valid and enforceable claim of the '611 Patent.

### FOURTH AFFIRMATIVE DEFENSE

Each claim of the '449 Patent is invalid for failing to meet one or more of the requirements set forth in 35 U.S.C. §100 *et seq.*, including but not limited to §§ 102, 103 and 112.

### FIFTH AFFIRMATIVE DEFENSE

Each claim of the '458 Patent is invalid for failing to meet one or more of the requirements set forth in 35 U.S.C. §100 *et seq.*, including but not limited to §§ 102, 103 and 112.

### SIXTH AFFIRMATIVE DEFENSE

Each claim of the '611 Patent is invalid for failing to meet one or more of the requirements set forth in 35 U.S.C. §100 *et seq.*, including but not limited to §§ 102, 103 and 112.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or part by at least one of the following reasons laches, acquiescence, waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages and costs is limited by at least one of 35 U.S.C. §§ 286-288.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred under the doctrine of prosecution history estoppel from asserting infringement under the doctrine of equivalents.

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

### TENTH AFFIRMATIVE DEFENSE

The '449 Patent is unenforceable because Plaintiff has misused the same by attempting to enforce it despite knowing that it is invalid and unenforceable.

### ELEVENTH AFFIRMATIVE DEFENSE

The '458 Patent is unenforceable because Plaintiff has misused the same by attempting to enforce it despite knowing that it is invalid and unenforceable.

### TWELFTH AFFIRMATIVE DEFENSE

The '611 Patent is unenforceable because Plaintiff has misused the same by attempting to enforce it despite knowing that it is invalid and unenforceable.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are partially or wholly barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to enhanced or increased damages for willful infringement because Solo has not engaged in any conduct that meets the applicable standard for willful infringement.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because Solo does not infringe any valid and enforceable claim of the '449, '458 and/or '611 patents.  Plaintiff is further not entitled to injunctive relief because Plaintiff is not likely to prevail on the merits.  Plaintiff has not suffered and will not suffer immediate or irreparable harm because of any conduct by Solo, and Plaintiff has an adequate remedy at law for any claims it can prove.

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE
COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

## COUNTERCLAIMS

## FIRST COUNTERCLAIM
### (COUNTERCLAIM FOR DECLARATORY JUDGMENT)

45.     Counterclaimant United States Luggage Company, d/b/a Solo (hereinafter "Solo") alleges as follows for its counterclaim against Counterclaim Defendant Targus Group International Inc.

46.     Counterclaimant Solo is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 400 Wireless Blvd., Hauppauge, New York 11788.

47.     Upon information and belief, Counterclaim Defendant Targus Group International. Inc.. ("Targus" or "Counterclaim Defendant") is a Delaware corporation with its principal offices located at 1211 N. Miller Street, Anaheim, California 92806.

48.     This counterclaim is for a declaratory judgment of non-infringement, invalidity and unenforceability of United States Patent Nos. 8,746,449 ("the '449 Patent") and 8,783,458 ("the '458 Patent") and 9,170,611 ("the '611 Patent") arising under 28 U.S.C. §§1338(a), 2201 and 2202 and the patent laws of the United States, namely 35 U.S.C. §1 et seq.

49.     This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

50.     Venue properly lies in this Court pursuant to 28 U.S.C. § 1391.

51.     There is a real, immediate, substantial and justiciable controversy between Solo and Targus regarding the infringement, validity and enforceablility of the '449, '458 and '611 Patents.

## COUNT I

52.  Solo repeats and realleges paragraphs 45-51 as if set forth herein at length.

9

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

53. By the filing of its Complaint, Targus has purported to assert claims against Solo for the alleged infringement of the '449 , '458 and '611 patents.

54. Solo denies Plaintiff's infringement allegations.

55. The asserted claims of the '449 Patent are invalid or unenforceable under one or more provisions of Title 35 of the United States Code including, but not limited to §§ 102, 103, 112, et seq. and/or non-statutory double patenting.

56. The asserted claims of the '458 Patent are invalid or unenforceable under one or more provisions of Title 35 of the United States Code including, but not limited to §§ 102, 103, 112, et seq. and/or non-statutory double patenting.

57. The asserted claims of the '611 Patent are invalid or unenforceable under one or more provisions of Title 35 of the United States Code including, but not limited to §§ 102, 103, 112, et seq. and/or non-statutory double patenting.

58. Accordingly, there exists a substantial and continuing justiciable controversy between Targus and Solo as to the infringement, validity and enforceability of the '449, '458 and '611 patents.

59. Pursuant to the Federal Declaratory Judgment Act 28 U.S.C. §2201, *et. seq.,* Solo is entitled to a judgment finding that the asserted claims of the '449, '458 and '611 patents are not infringed by any of Solo's products, services or processes and that every asserted claim of the '449, '458 and '611 patents is invalid and unenforceable.

## COUNT II

60. Solo repeats and realleges paragraphs 45-59 as if set forth herein at length.

61. Upon information and belief, Targus has committed inequitable conduct in the United States Patent and Trademark Office ("USPTO") during prosecution of the '449, '458 and '611 patents by intentionally failing to disclose prior art that is material to the patentability of the

10

claims of each of the asserted patents thereby rendering the '449, '458, and '611 patents unenforceable. This prior art is material because it anticipates and/or renders obvious the claims of the asserted patents. This prior art is not of record and is not cumulative to art of record.

62. All of the asserted patents claim priority under 35 USC 119(e) to three U.S. Provisional Patent Application Serial Nos.: 61/352,286, filed June 7, 2010 (Exhibit A); 61/368,047, filed July 27, 2010 (Exhibit B); and 61/421,431 filed December 9, 2010 (Exhibit C). Because these applications were filed in 2010, they, and the asserted patents, are governed by the provisions of Title 35 extant before the America Invents Act of 2011 ("pre-AIA").

63. Under Title 35 (pre-AIA), a provisional patent application is accorded a filing date only when the specification and drawings thereof meet the requirements of 35 USC §112, 1st and §113; see 35 USC 111(b), which states, in relevant part:

"[a] provisional application for patent shall be made or authorized to be made by the inventor....Such application shall include—(A) a specification as prescribed by the first paragraph of section 112 of this title and (B) a drawing as prescribed by section 113 of this title."

64. 35 USC §112, 1st paragraph (pre-AIA) requires the specification to provide an enabled, written description of the subject matter of the application:

"[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention."

65. 35 USC §113 (pre-AIA) states, in regard to drawings:

"[t]he applicant shall furnish a drawing where necessary for the understanding of the subject matter sought to be patented."

11

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

66.  The asserted patents claim priority to the three provisional applications under 35 USC §119(e) (pre-AIA) which repeats the directive that the provisional application must meet the enablement and written description requirements of §112, see 35 USC 119(e), which state, in relevant part:

"[a]n application for patent…for an <u>invention disclosed in the manner provided by section 112</u>…in a provisional application filed under section 111(b) of this title, by an inventor or inventors named in the provisional application, shall have the same effect, as to such invention, as though filed on the date of the provisional application filed under section 111(b)…" (emphasis added).

67. Upon information and belief, Targus is not entitled to the benefit, under 35 USC 119(e), of the filing dates for first two provisional applications, i.e. 61/352,286, filed June 7, 2010  and 61/368,047, filed July 27, 2010, ("priority dates") insofar as the subject matter for the scope of the claims as they are being asserted against the Accused Products is not disclosed or enabled in either of the  June 7, 2010 or July 27, 2010 provisional applications in the manner provided by 35 USC 112, first paragraph.

**The First Provisional Application: 61/352,286, filed June 7, 2010:**

68.  In regard to the first provisional application, 61/352,286: it was filed June 7, 2010 and is entitled "Electronic Reader Cases and Related Systems and Methods"; it lists Robert Shortt and Kevin Gallagher as co-inventors.

69.  The June 7, 2010 provisional patent application only provides written description and enablement as required under 35 USC §112, 1st, for purposes of a filing date, for an electronic reader case that rotates about three mutually perpendicular axes (or at least two mutually orthogonal axes).  This rotation is only described, enabled, and shown in the drawings, by a post

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

and a rotatable connector at an upper end of the post that includes a ball-and-socket joint. (Exhibit A- Figs 1, 3, 4, 5, 7, 8, 9, 10, 11, 13).

**The Second Provisional Application: 61/368,047, filed July 27, 2010:**

70. In regard to the second provisional application, 61/368,047: it was filed July 27, 2010 and is entitled "Holder for an Electronic Device"; it lists Ron DeCamp and Mark Thoni as co-inventors.

71. The July 27, 2010 provisional patent application describes a hand-held electronic device holder that includes a hand-grip and a rotating coupling member to enable e.g. an iPad to rotate, for example, while the holder is being held in a user's hand. The rotation embodiment described for the July 27, 2010 provisional patent application includes, for example, a Velcro coupling member, a ratcheting swivel or pivot, ball and socket, temporary adhesive, releasable latch, a clip, one more buttons, a suction cup and one or more straps.

**The Third Provisional Application: 61/421,431, filed December 9, 2010:**

72. In regard to the third provisional application, 61/421,431: it was filed December 9, 2010 and is entitled "Rotatable Case for Portable Electronic Device"; it lists Kevin Gallagher and Daniel Ballou co-inventors.

73. The December 9, 2010 provisional patent application describes a rotatable case for an electronic device, e.g. an iPad. It describes, enables, and shows in the drawings, a new embodiment for rotation and support that is completely different than those described, enabled, or illustrated anywhere in either of the first or second provisional applications. This new embodiment has features that include a support panel, a pivot flap, a rotational mechanism consisting of a rivet or grommet, and a securing panel with sides, which features are radically unlike and not derivable from the first or second provisional applications. The new embodiment and its features are substantially identical if not entirely identical to that of a third-party iPad

13

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

case, the JAVOedge Fiber Axis Case, ("JAVOedge case") (Exhibit D), which third-party JAVOedge case Targus had in its possession in mid-August 2010, which is approximately four months before the December 9, 2010 filing of the third provisional application, where these features first appear.

**Targus is only entitled to its December 9, 2010 filing date as against the Accused Products:**

74. The Accused Products do not utilize a post with ball-and-socket construction of the first provisional application or the rotating coupling member of the second provisional application. Instead, the Accused Products utilize a support panel, a pivot flap, a rotational mechanism consisting of a rivet, and a securing panel with sides, which are or are substantially similar to the features of the new embodiment that appears in Targus's third provisional application filed December 9, 2010.

75.     Because there is no written description, enablement, or drawings in the first or second provisional applications for the new embodiment and its features, Targus does not get benefit of the June 7, 2010 and July 27, 2010 filing dates for these provisional applications when it asserts claims covering, or interpreted to cover, the new embodiment and its features. The only filing date Targus is entitled to rely on for benefit of priority when it asserts claims covering, or interpreted to cover, the new embodiment and its features, is the third provisional application, filed December 9, 2010.

76.     As detailed below, the JAVOedge case was at least known in this country by being publicly available for sale in this country on or about July 1, 2010 (Exhibit E). Upon information and belief, Targus cannot establish that it conceived of the new embodiment and its features that are subject of the third provisional application prior to July 1, 2010. Indeed, upon information and belief, Targus did not conceive of the new embodiment and its features at all,

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE
COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

but instead misappropriated them from the publicly available JAVOedge case which it had purchased in mid-August 2010.

77.  Because, upon information and belief, Targus cannot show it conceived of the new embodiment and its features prior to July 1, 2010, the JAVOedge case is therefore prior art, under at least pre-AIA 35 USC §102(a), to the December 9, 2010 filing date of the third provisional application. Targus never disclosed the JAVOedge case to the U.S. Patent Office at any time during the prosecution of the '449, '458, or '611 patents. JAVOedge is not otherwise of record in the asserted patents, and is not cumulative to any art of record.

78.  As is detailed below, the JAVOedge case is not cumulative and is material prior art to the patentability of the claims as asserted in '449, '458 and/or the '611 patents because it anticipates claims covering or interpreted to cover the new embodiment and its features.

## WHO? WHAT? WHEN?

79.  Upon Information and belief on or about August 10, 2010, Todd Gormick, an employee of Targus during 2010 and 2011 and having the position of the Director for Project Management of the Targus Soft Goods Group, ordered a JAVOedge Fiber Axis Case for the Apple iPad through the Amazon Marketplace.

## WHERE?

80.  Upon Information and belief Mr. Gormick had the item shipped in August 2010 to the principal offices of the Plaintiff, Targus Group International Headquarters. Upon information and belief, this case was delivered to Targus Headquarters and Targus thus had physical possession of the JAVOedge case in August 2010.

81.  Upon information and belief the JAVOedge Fiber Axis Case was created by JAVOedge prior to June 7, 2010 and is identical with the Accused Products for purposes of how

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

1   the claims are being asserted in this litigation. (Exhibit F and G).

2   82. Upon information and belief the JAVOedge Case was publicly available and in

3   public use and/or on sale in the United States on or about July 1, 2010 (Exhibits E and H)

4   **HOW?**

5

6   83. According to publicly available information, during 2010, Mr. Gormick was

7   responsible for the development and management of Targus Global laptop computer back packs,

8   messengers and cases; he developed Targus' global strategic product plans to drive development

9   of new products and ensured that new product initiatives delivered added value to Targus; he led

10  product development activities on a strategic and tactical level to ensure the development of

11  successful new products for the Targus Soft Goods Group; he ensured that the interface between

12  marketing, sales, engineering, operations, the Global Sourcing Group, factories and customers

13  was smooth and productive, with the result that new products were introduced on time and met

14

15  specifications to satisfy customers and consumers; he managed case product lifecycles from

16  concept to launch; and he drove case innovation (Exhibit I).

17  84. Among the six listed inventors of the asserted patents are: Robert Shortt and Mark

18  Thoni. Upon information and belief, Mr. Gormick knew of at least Messrs. Shortt and Thoni as

19  colleagues at Targus during 2010, as evidenced by the fact that:

20

21      Mr. Gormick and Mr. Shortt are co-inventors on another patent purportedly owned by

22  Targus, U.S. Patent No. 8,567,578, entitled: "Portable Computer Case", facially assigned to the

23  Plaintiff/Counterclaim Defendant in this action. (Exhibit J); and

24      Mr. Gormick and Mr. Thoni are co-inventors on U.S. Patent Application Publication

25  No. 2012/0112031 purportedly owned by Targus, entitled: "Portable Electronic Device Case

26  Accessory With Camera Protection" facially assigned to the Plaintiff/Counterclaim-Defendant in

27  this Action. (Exhibit K)

28

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE
COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

85. Upon information and belief Kevin Gallagher, another of the co-inventors of the asserted patents was the Vice President of Design for Targus, the Plaintiff and Counterclaim-Defendant in 2010.

86. Upon information and belief Mr. Gormick, in at least his role in developing new products for the Targus Soft Goods Group, provided, showed, discussed, or otherwise gave access to and information about the JAVOedge Case that he purchased and had delivered to Targus's principal offices in August 2010, to at least Messrs. Shortt and/or Mr. , Thoni, both of whom he jointly worked at Targus, as publicly indicated by U.S. Patent No. 8,567,578 and U.S. Patent Application Publication No. 2012/0112031,  and/or Mr. Gallagher, at least because of Gallagher's role as Vice President of Design, in or about August to October 2010.

87. Upon information and belief Targus markets and sells or previously sold a fixed (non-rotating) tablet case called the "Targus Truss".

88. Upon information and belief the Targus Truss case was available for sale on or about June 22, 2010. ( Exhibit L)

89. Upon information and belief, after reviewing the features of the JAVOedge Case delivered to Targus in mid-August 2010, one or more of at least Messrs. Shortt, Thoni, Gallagher, Daniel Ballou, Ron DeCamp, and/or James C. Frinak (all named co-inventors of the asserted patents) incorporated  critical aspects of the JAVOedge case design into a modification of the Targus Truss case including: a support panel, pivot flap, rotational mechanism that was other than a post/ball and socket construction, for example, a rotational implement consisting of a rivet or grommet, and securing panel with sides.

90. Upon information and belief, the modification of the Targus Truss case occurred during October 2010 culminating in the design of a rotating case, having: a support panel, pivot flap, a rotating implement consisting of a grommet, and securing panel with sides, which

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

modifications were all misappropriated from the JAVOedge case, the modified case commercially known as the Targus VersaVu since early 2011 (Exhibit M).

91. Upon information and belief, the new embodiment and its features of the Targus VersaVu case which were derived from the JAVOedge case were first depicted and described in the provisional patent application filed by Targus on December 9, 2010. (Exhibit C)

92. The U.S. Patent and Trademark Office imposes a duty to disclose material information during the prosecution of a patent application, see 37 CFR 1.56, which defines material information as:

> "information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and
> (1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim...

This duty to disclose information that is material extends to the following people, 37 CFR 1.56:

(c) each inventor named in the application and every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor or with the assignee has a duty of candor and good faith in dealing with the USPTO, which includes a duty to disclose to the USPTO all information known to that individual to be material to patentability.

93. Upon information and belief, despite knowledge of the JAVOedge case, at least the listed co-inventors, Messrs. Shortt and/or Thoni, intentionally failed to disclose the JAVOedge case to the USPTO knowing it to be prior art and knowing that its disclosure would significantly diminish, or extinguish, the opportunity to secure a patent covering or interpreted to claim a rotating electronic reader case comprising the new embodiment of the December 9, 2010 provisional applications and its features.

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

18

94. Upon information and belief, Mr. Gormick, the Director of Product Management and manager of Targus product lifecycles from concept to launch, and co-inventor on at least two patent applications with co-inventors of the asserted patents, ordered the JAVOedge Case, had it delivered to Targus headquarters in August 2010 and provided, showed, discussed, or otherwise gave access to and information about the JAVOedge Case to one or more of the co-inventors of the asserted patents and knowingly failed to disclose the JAVOedge Case to the USPTO, knowing that its disclosure would significantly diminish, or extinguish, the opportunity to secure a patent covering a rotating electronic reader case.

95. Upon information and belief, but-for the strategic and deliberate failure of Targus, its inventors and key employee to disclose the JAVOedge Fiber Axis case to the USPTO, the USPTO would not have allowed the claims of the asserted patents.

96. As a direct and proximate consequence of these intentional acts of inequitable conduct, the '449, '458 and '611 patents are invalid and unenforceable.

WHEREFORE, Defendant and Counterclaimant Solo requests judgment against Plaintiff and Counterclaim-Defendant Targus as follows:

A.      Dismissing the First Amended Complaint in its entirety with prejudice and awarding Plaintiff no relief;

B.      That the Court declare that the '449 Patent is invalid and unenforceable;

C.      That the Court declare that the '458 Patent is invalid and unenforceable;

D.      That the Court declare that the '611 Patent is invalid and unenforceable;

E.      That the Court declare that the '449, '458 and '611 patents were obtained through fraudulent acts;

19

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

F.     That the Court declare that none of the products designed, manufactured, used, offered for sale or sold by Defendant and Counterclaimant Solo infringes any valid claim of the '449 Patent.

G.     That the Court declare that none of the products designed, manufactured, used, offered for sale or sold by Defendant and Counterclaimant Solo infringes any valid claim of the '458 Patent.

H.     That the Court declare that none of the products designed, manufactured, used, offered for sale or sold by Defendant and Counterclaimant Solo infringes any valid claim of the '611 Patent.

I.     Determining that Plaintiff is not entitled to any damages and any claim by Plaintiff to damages or costs is additionally barred or limited by 35 U.S.C. §§286-288 or one or more of the other defenses;

J.     Finding this case to be exceptional and awarding Solo its reasonable attorneys' fees, expenses and costs pursuant to 35 U.S.C.§285 and Fed. R. Civ. P. 54; and

K.     Awarding Solo such other and further relief as the Court deems just and proper.


Dated: March 14, 2016                    Respectfully submitted,

                                         SHAFFER, GOLD & RUBAUM, LLP


                                         By:  /s/ Barry I. Gold
                                              BARRY I. GOLD, ESQ.
                                              Attorneys for Defendants and
                                              Counterclaimants, UNITED STATES
                                              LUGGAGE COMPANY d/b/a SOLO

20

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW

**PROOF OF SERVICE BY E-MAIL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 12011 San Vicente Boulevard, Suite 600, Los Angeles, California 90049-4948.

On March 14, 2016, I served the following document described as **FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL**, as follows:

Peter R. Afrasiabi               pafrasiabi@onellp.com
Nathaniel L. Dilger             ndilger@onellp.com
Kainoa Asuega                 kasuega@onellp.com
ONE LLP
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870

Peter I. Bernstein               PIBernstein@ssmp.com
SCULLY, SCOTT, MURPHY & PRESSER
400 Garden City Plaza
Garden City, New York  11530
Telephone:  (516) 742-4343

An electronically filed copy of the **FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT UNITED STATES LUGGAGE COMPANY, d/b/a SOLO; DEMAND FOR JURY TRIAL**, using the CM/ECF system, which will send notification of such filing to the above registered CM/ECF Users.

Executed on March 14, 2016, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

       /s/ C.M. Di Salvo
       C.M. DI SALVO

Case No. 8:15-cv-01232-JVS-JCG

SHAFFER, GOLD & RUBAUM, LLP
ATTORNEYS AT LAW